# RESCRIPT OPINIONS.

METHUEN RETIREMENT BOARD *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD; JOHN J. DIGLORIA, intervener. July 28, 1981. The intervener, John DiGloria, and the Contributory Retirement Appeal Board (Appeal Board) appeal from a May 12, 1980, judgment of the Superior Court enjoining DiGloria from receiving early retirement benefits under G. L. c. 32, § 7, due to a disability incurred while in the performance of his duties as a police officer. On the basis of a November 20, 1978, hearing pursuant to G. L. c. 32, § 16 (4), the Appeal Board ruled on January 8, 1980, contrary to a prior decision of the Methuen retirement board (board), that DiGloria's disability was not the result of "serious and willful misconduct" on his part and awarded him early retirement benefits. The board filed a petition pursuant to G. L. c. 30A, § 14, for judicial review of the Appeal Board's decision. The Superior Court judge ruled sua sponte that DiGloria is collaterally estopped from receiving such benefits by virtue of the decision in *DiGloria* v. *Chief of Police of Methuen*, 8 Mass. App. Ct. 506 (1979) (denying DiGloria disability payments under G. L. c. 41, § 111F, on a holding by the Appeals Court that his disability resulted from "serious and willful misconduct" on his part). The judge thus enjoined DiGloria from receiving such benefits and dismissed the board's petition as seeking advisory relief on a moot issue.

Collateral estoppel is an affirmative defense which must be properly pleaded and proved, or, in the absence of an opportunity to plead it, must be shown in evidence. Cf. *Fabrizio* v. *U.S. Susuki Motor Corp.*, 362 Mass. 873 (1972); *Browne* v. *Moran*, 300 Mass. 107, 111 (1938); Restatement of Judgments § 1, Comment a (1942). A court may not take judicial notice of the defense. Restatement of Judgments, *supra*. In this case the board failed to raise the estoppel defense at the administrative level. Despite the fact that the Appeals Court's *DiGloria* decision postdated the Appeal Board hearing, the board was not without opportunity to raise the estoppel defense before the Appeal Board both prior to and subsequent to the Appeal Board's final decision. See 801 Code Mass. Regs. § 1.01(6)(g), (10)(o), (10)(p) (1979). The scope of a Superior Court judge's review is generally confined to the administrative record. See G. L. c. 30A, § 14 (6). In so far as a Superior Court judge may have discretion to consider an estoppel defense not raised at the administrative level, see § 14 (7), there is nothing in this record to suggest that the board intended to avail

itself of this defense.[1]  Thus, the defense is waived.  In any event, in view of the differing purposes, language, and adjudicatory schemes in the two statutes, it is doubtful whether a prior judicial determination of misconduct under G. L. c. 41, § 111F, may estop a claimant from obtaining benefits under G. L. c. 32, § 7.[2]  Cf. Restatement (Second) of Judgments § 131(4), Comment h (Tent. Draft No. 7, 1980).  See generally 2 K.C. Davis, Administrative Law § 18.11 (1965).  But see *DiGloria* v. *Chief of Police of Methuen, supra* at 511.  The judgment of the Superior Court is therefore set aside.

Having reviewed the record, we further conclude that, contrary to the board's contentions, the decision of the Appeal Board is supported by substantial evidence, and not based upon errors of law as alleged.  Finally, the delay by the Appeal Board in promulgating its decision is not a ground to reverse that decision.

The judgment of the Superior Court is reversed, and the case is remanded to the Superior Court where judgment is to be entered affirming the decision of the Appeal Board.

*So ordered.*

*Christopher H. Worthington,* Assistant Attorney General, for Contributory Retirement Appeal Board.

*Peter J. McQuillan* for the plaintiff.

*Charles M. Crowley, Jr.,* for the intervener, submitted a brief.

---

[1] The board cites the *DiGloria* decision in its petition for judicial review as authority for alleged errors by the Appeal Board and appends a copy of the decision to the petition, but fails to aver that the decision creates an estoppel.

[2] General Laws c. 41, § 111F, as amended through St. 1977, c. 646, § 2, grants a leave without loss of pay to a police officer "incapacitated for duty because of injury sustained in the performance of his duty *without fault of his own*" (emphasis supplied).  General Laws c. 32, § 7(1), as amended through St. 1980, c. 556, § 7, provides accidental disability retirement for such a person who "becomes totally and permanently incapacitated for further duty . . . by reason of a personal injury sustained . . . *without serious and wilful misconduct on his part*" (emphasis supplied).