BERNARD MANNING *vs.* CONTRIBUTORY RETIREMENT
APPEAL BOARD.

No. 89-P-157.

Suffolk. May 23, 1990. - September 19, 1990.

Present: PERRETTA, DREBEN, & PORADA, JJ.

*Retirement. Public Employment*, Retirement. *Statute*, General law. *Quasi Judicial Tribunal. Administrative Law*, Proceedings before agency. *Contributory Retirement Appeal Board. Words*, "Member in service."

A seasonal employee of the Metropolitan District Commission did not become a member of the State retirement system in the absence of a determination by the appropriate retirement board, pursuant to G. L. c. 32, § 3 (2) (*d*), that he was "regularly employed." [254-255]

Make-up payments to the State retirement system ("buy-back") with respect to a member's interrupted periods of prior service, although entitling the member to creditable service for the periods in question, did not retroactively establish the date he became a member of the retirement system. [255-256]

There was no merit to an argument that a certain statutory provision was of no effect because it was not part of the General Laws. [256]

That the Contributory Retirement Appeal Board was late in issuing a certain decision did not deprive the board of jurdisdiction. [257]

A decision of the Contributory Retirement Appeal Board appropriately incorporated certain findings of the administrative magistrate who heard the matter. [257]

Where a matter before the Contributory Retirement Appeal Board involved only questions of statutory interpretation that were considered on judicial review, the circumstance that only one of the board's three members participated in its decision was not an irregularity requiring remand to the board. [257-258]

CIVIL ACTION commenced in the Superior Court Department on June 27, 1985.

The case was heard by *Walter E. Steele*, J.

The case was submitted on briefs.

*Bernard Manning*, pro se.

*James M. Shannon*, Attorney General, & *Mark P. Sutliff*, Assistant Attorney General, for the defendant.

DREBEN, J. At the heart of the plaintiff's appeal from a Superior Court judgment affirming a decision of the Contributory Retirement Appeal Board (CRAB) is his contention that he should be treated as a member of the State retirement system no later than 1957 based on his summer employment in the 1950's with the Metropolitan District Commission (MDC). We agree that the plaintiff did not become a member in service prior to 1957 and affirm the judgment.

The importance of the initial date of membership is that, if the plaintiff became a member prior to 1957,[1] he is entitled to higher retirement benefits, because those benefits would be computed on the basis of a two-year formula pursuant to St. 1951, c. 784, § 1 (former G. L. c. 32, § 10[2][*a*]), rather than a five-year average of his annual salary pursuant to St. 1957, c. 661, § 3 (G. L. c. 32, § 10[2][*a*], as in effect prior to St. 1984, c. 473, § 1).

The question then is when the plaintiff became a "member in service." The dates of his employment are not in dispute. He was first employed by the Commonwealth as a laborer, bathhouse attendant, and lifeguard with the MDC during the summer months from 1952 through 1959. After service in the United States Army, he became a teacher in the Quincy school system, and later an assistant attorney general for the Commonwealth. No one contests that he became a "member in service" when he joined the Quincy school system in 1962.[2] In 1982, he applied for a retirement allowance.

1. *The claim of "automatic" membership.* Citing to G. L. c. 32, § 3(2)(*a*)(iv) (set forth in part in the appendix to this opinion), substantially unchanged since its enactment by St. 1945, c. 658, the plaintiff argues that he became a "member in service" "upon the completion of six calendar months of

---

[1]Section 4 of St. 1957, c. 661, provides that the retirement allowance of any person who was a "member in service" on May 31, 1957 shall not be less than that provided by the laws in effect prior to the effective date of the 1957 act.

[2]His service with the State teachers' retirement system was transferred to the Massachusetts State Retirement System.

service." Contrary to the plaintiff's claim, G. L. c. 32, § 3(2)(*a*)(iv), did not give him automatic membership or an absolute right to membership after six calendar months. Section 3(2)(*a*)(iv) refers to c. 32, § 3(2)(*d*), set forth in part in the appendix, and also substantially unchanged insofar as here relevant since its enactment by St. 1945, c. 658, which gives the appropriate retirement board[3] "full jurisdiction" to determine whether seasonal or certain other non-permanent employees are "regularly employed" so as to be eligible for membership. No such determination was made. Moreover, the judge made a finding based on facts in the record that the plaintiff was not a member of the State retirement system during the period he was employed by the MDC.[4]

2. *Effect of "buy-back."* In 1973, the Massachusetts State Retirement Board permitted the plaintiff to "buy back" his prior MDC service. Each of the various "buy-back" provisions cited by the plaintiff in support of his theory that he was a "member in service" prior to 1957[5] speaks of "credit" or "creditable service." Thus, if G. L. c. 32, § 3(3), is applicable, the governing provision is the next-to-last sentence, which provides: "Upon the completion of such make-up payments such member shall be entitled to *all creditable service* to which he would have been entitled had he joined the system when first eligible to become a member." (emphasis supplied). An entitlement to "creditable service," G. L. c. 32,

---

[3]See G. L. c. 32, § 1, definition of "Board."

[4]The judge, in note 1 of his memorandum of decision, stated: "The assistant attorney general, on behalf of CRAB, maintains that the plaintiff voluntarily chose not to contribute to the retirement system during his employment with the MDC. Although the plaintiff contends that he does not know whether deductions were made for retirement purposes, the fact that he later 'bought back' his service during these years for retirement purposes, indicates [that no deductions were made and that] the plaintiff was not a member of the retirement system [during his MDC service]."

[5]It is not clear under which section of G. L. c. 32 the "buy-back" was made. At various times, the plaintiff points to G. L. c. 32, § 3(3), § 3(5), and § 4(2)(*c*). For purposes of this opinion, we need not consider which was the applicable provision.

§ 3(3), or to "credit" as referred to in G. L. c. 32, §§ 3(5) and 4(2)(c),[6] does not create retroactive membership.

This conclusion follows from the definitions of "creditable service" and "membership service" contained in G. L. c. 32, § 1. "Membership service" is defined as "service as an employee in any governmental unit rendered *since becoming a member* of any system pertaining to such governmental unit for which credit is allowable . . . " (emphasis supplied). "Creditable service" is broader and is defined as "all membership service, prior service and other service for which credit is allowable to any member . . . ." That "credit" or "creditable service" does not determine when a person becomes a "member in service" is apparent also from c. 32, § 3.[7]

3. *Remaining contentions.* a) The plaintiff makes the curious argument that St. 1957, c. 661, § 4, see note 1, *supra*, is of no effect as it is not part of the General Laws. An act passed by the Legislature and approved by the Governor has the force of law. Part II, c. 1, § 1, art. 2, of the Massachusetts Constitution. Art. 48, The Referendum, II, of the Amendments to the Massachusetts Constitution. Moreover, as indicated in 1A Sands, Sutherland Statutory Construction § 20.21, at 74 (4th ed. 1972), it is preferable not to include transitional period provisions in the main body of an act. "Better drafting practice dictates that they be placed in separate sections at the end of the statute. In this way when the act is included in the permanent code of laws of the state, the temporary provisions may be eliminated without destroying the context or the continuity of the permanent law." *Ibid.*

---

[6]If c. 32, § 3(5), is applicable, see note 5, *supra*, the plaintiff's rights are governed by the following language: "Upon the completion of such payments such member shall receive the same credit for such period of his previous intrastate service . . . as would have been allowed if such service had been rendered by him in the governmental unit by which he is presently employed." Chapter 32, § 4(2)(c), also speaks of "credit."

[7]The definition of "member in service" in c. 32, § 3(1)(a)(i), and the qualifications for eligibility for membership in § 3(2) have, insofar as here relevant, remained substantially the same since the enactment of St. 1945, c. 658. Section 3 provides for present and future membership and does not provide for retroactive membership.

b) As we have held that the plaintiff was not a "member in service" until 1962, the plaintiff has no standing to claim (1) that there may be a gap between May, 31, 1957, and August 13, 1957, when the Governor signed the bill,[8] or (2) that accrued pension rights at the time of the 1957 statute were unconstitutionally impaired.

c) That CRAB was late in promulgating its decision did not deprive it of jurisdiction. *Methuen Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 384 Mass. 797, 798 (1981).

d) The decision by CRAB which incorporated findings one through nine of the administrative magistrate was adequate to comply with G. L. c. 30A, § 11(8).

e) The plaintiff also claims that the decision was improperly issued as there were three members of the appeal board (see G. L. c. 32, § 16[4]), and two abstained from voting. Since there was only one signatory to the decision, he urges that it lacks the necessary majority approval. The plaintiff had requested that the representative from the Division of Public Employee Retirement Administration not hear the appeal to CRAB as that division had previously issued an opinion contrary to the plaintiff's position. But see § 32, 16(4). Through a misunderstanding of the plaintiff's position, or because the plaintiff had been an assistant attorney general, or otherwise, the Attorney General's designee to the appeal board abstained from voting.   .

The question is whether the irregularity requires a remand to CRAB. Since there is no factual dispute, and since we have set forth our interpretation of the statutes involved, "there is no real doubt" as to the decision which CRAB would make on remand. *United Food Corp.* v. *Alcoholic Bevs. Control Commn.*, 375 Mass. 238, 245 (1978). In such circumstances a remand is unnecessary. *Ibid. New Palm*

---

[8]By the terms of section 4 of St. 1957, c. 661, the act was to become effective on May 31, 1957. The act was not signed by the Governor until August 13, 1957.

*Gardens, Inc.* v. *Alcoholic Bevs. Control Commn.*, 11 Mass. App. Ct. 785, 799 (1981).

*Judgment affirmed.*

### APPENDIX.

G. L. c. 32, § 3(2)(*a*)(iv):

"(iv) Any person, except as specifically otherwise provided for in sections one to twenty-eight, inclusive, who, while under age sixty-five, enters or re-enters the service as an employee of the commonwealth, a teacher as defined in section one, or an employee of any political subdivision of the commonwealth for which a system established under the provisions of such sections, or under corresponding provisions of earlier laws, is in operation on the date when he becomes an employee; provided, that any such person who becomes regularly employed, as determined by the board as provided for in paragraph (*d*) of this subdivision, on a part-time, provisional, temporary, temporary provisional, seasonal or intermittent basis, shall become a member in service, if he is to be classified in Group 1, upon the completion of six calendar months of service, and any other such person shall become a member in service upon his entry into service . . . ."

G. L. c. 32, § 3(2) (*d*):

"(*d*) In all cases involving part-time, provisional, temporary, temporary provisional, seasonal or intermittent employment or service of any employee in any governmental unit, including such employment or service of any state official, the board shall have and exercise full jurisdiction to determine such employee's eligibility for membership . . . ."