RETIREMENT BOARD OF CONCORD *vs.* PHYLLIS R.
COLLERAN & another.[1]

No. 92-P-22.

Suffolk. January 20, 1993. - May 13, 1993.

Present: KASS, SMITH, & PORADA, JJ.

*Retirement. Public Employment*, Retirement. *Statute*, Construction. *Contributory Retirement Appeal Board. Words*, "Regularly employed."

A part-time municipal employee who fulfilled the plainly expressed requirement of G. L. c. 32, § 5(1)(*m*), by having been continuously employed prior to January 1, 1978, but who was not a member of the State retirement system on that date, did not have to complete ten or more years of creditable service before being eligible for a superannuation retirement allowance under G. L. c. 32, and consequently, in light of this interpretation of the statute, the municipal employer was not prejudiced by the circumstance that only one member of the three-member Contributory Retirement Appeal Board participated in that body's decision in favor of the employee. [488-489]

CIVIL ACTION commenced in the Superior Court Department on January 16, 1991.

The case was heard by *Thomas E. Connolly*, J., on a motion for summary judgment.

*Dianne R. Phillips* for the plaintiff.

*John J. Bowe* for Phyllis R. Colleran.

PORADA, J. The principal issue presented by the plaintiff's appeal from the Superior Court judgment, affirming the decision of the Contributory Retirement Appeal Board (CRAB), is whether a part-time government employee who had been continuously employed prior to January 1, 1978, but who was not a member of the State retirement system on that date had to complete ten or more years of creditable service before being eligible for a superannuation retirement allow-

[1]Contributory Retirement Appeal Board.

ance under the State retirement system. The resolution of this issue depends upon the interpretation to be given to G. L. c. 32, § 5(1)(*m*), inserted by St. 1977, c. 744, which provides, in pertinent part, as follows:

> "Notwithstanding any provision of this chapter to the contrary, any member classified in Group 1 or Group 2 . . . whose employment commenced on or after January first, nineteen hundred and seventy-eight, and who has not completed ten or more years of creditable service before attaining the mandatory age requirements of this chapter, shall on the termination of his employment be entitled to a return of his accumulated deductions with interest. Such return of said accumulated deductions shall be in lieu of any superannuation retirement allowance provided under this chapter."[2]

We agree with CRAB's interpretation of this section that a part-time employee who had been continuously employed prior to January 1, 1978, but who was not a member of the State retirement system on that date, did not have to complete ten years of creditable service before being eligible for a superannuation retirement allowance. We affirm the judgment.

The facts of this case are not disputed. Phyllis R. Colleran began working for the Concord-Carlise Regional School District on September 26, 1977. She worked three hours a day until September 22, 1980, when she increased her hours to five a day during the school week. From September 26, 1977, to September 22, 1980, she was ineligible for membership in the State retirement system. On September 22, 1980, she became a member of the State retirement system and regular

---

[2]We note this section was subsequently amended by St. 1990, c. 254, § 2, and by St. 1991, c. 138, § 385. The 1990 amendment is not relevant to this decision. The 1991 amendment added the word "first" after the word "employment" in the first sentence and by its terms became effective December 31, 1977. While neither party presented any argument as to the effect of this amendment on this decision, we conclude that it reinforces the interpretation of this section by CRAB in this case.

deductions were made from her pay. In 1987, she purchased one and one-half years of creditable service in the retirement system for the period she had worked between 1977 and 1980. In May, 1988, she sought a superannuation retirement allowance before she had accumulated ten years of creditable service. The Concord board of retirement (Concord) denied Colleran's request after receiving advice from the Division of Public Employee Retirement Administration (PERA) that she was required to have ten years of creditable service, in effect interpreting the word "employment" in G. L. c. 32, § 5(1)(*m*), to mean "membership" in the retirement system.

Pursuant to G. L. c. 32, § 16(4), Colleran appealed Concord's decision to CRAB. In a decision rendered by one member of a three-member board and in which the PERA representative abstained, CRAB determined that Colleran was not required to have ten years of creditable service. Concord appealed this decision to the Superior Court, arguing that Colleran was not exempt from the ten-year requirement of creditable service under § 5(1)(*m*), and that it was prejudiced by the failure of PERA's representative to vote on its appeal. The Superior Court rejected both arguments and rendered summary judgment upholding the CRAB decision.

To be exempt from the requirement of completion of ten years of creditable service for a member in "Group 1 or Group 2" of the State retirement system to collect a superannuated retirement allowance under § 5(1)(*m*), one's employment must have commenced prior to January 1, 1978. Concord argues that this exemption applies only to employees who were members of the State retirement system prior to January 1, 1978. Concord urges this interpretation based upon the deference that must be accorded PERA's interpretation of this statute, and the contemporaneous legislative history of the statutory State retirement scheme in G. L. c. 32, which embodies the concept that benefits and expectations under the State retirement system are realized only upon vested membership in the system. See *Opinion of the Justices*, 364 Mass. 847, 858-863 (1973). The weakness of that argument is that it requires overlooking the plain lan-

guage of a statute. See *State Bd. of Retirement* v. *Boston Retirement Bd.*, 391 Mass. 92, 94 (1984); *Russell* v. *Boston Wyman, Inc.*, 410 Mass. 1005, 1006 (1991). Legislative history or agency interpretation of a statute will not be considered where the language of a statute is unambiguous. *Boston Neighborhood Taxi Assn.* v. *Department of Pub. Util.*, 410 Mass. 686, 690 (1991).

Here, the plain language of § 5(1)(*m*) provides the exemption for members of the State retirement system in Group 1 and Group 2 whose "employment" commenced prior to January 1, 1978. While the word "employment" is not defined in G. L. c. 32, "[a]ccording to its usual and ordinary meaning, the term 'employment' refers to the rendering of services for pay." *Cardellicchio* v. *Board of Retirement of Natick*, 391 Mass. 760, 763 (1984). Additional guidance as to its meaning is acquired from the definition of the word "employee" in G. L. c. 32, § 1 (1990 ed.), as "any person who is regularly employed in the service of [a] . . . political subdivision." The term "regularly employed" according to its usual meaning refers to continuous employment as distinguished from sporadic, intermittent, or temporary employment. See *Burnside* v. *Bristol County Bd. of Retirement*, 352 Mass. 481, 482-484 (1967) (deputy sheriff paid on a per diem basis to attend court sessions was not "regularly employed"). It is undisputed that Colleran was continuously employed by Concord since September 26, 1977, when she began working three hours per day. Consequently, according to the plain language of § 5(1)(*m*), her employment began before January 1, 1978. As a result, she is entitled to a superannuated retirement allowance under G. L. c. § 32, even though she has not completed ten years of creditable service.

In light of our interpretation of the statute, no prejudice could have inured to Concord from the decision being rendered by a single member of CRAB or from PERA's representative having abstained. See *Manning* v. *Contributory Retirement Appeal Bd.*, 29 Mass. App. Ct. 253, 257 (1990).

*Judgment affirmed.*