CLAIRE McINTIRE *vs.* CONTRIBUTORY RETIREMENT APPEAL
BOARD.

Suffolk. December 9, 1993. - February 9, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Retirement. Public Employment,* Retirement. *Contributory Retirement
Appeal Board. Contract,* Retirement. *Statute,* Construction.

General Laws c. 31, § 22 (1) (*b*), established a public employee's rate of
contribution to the contributory retirement system by reference to the
date on which the employee became a member of the system, rather
than the earlier date on which she commenced employment with the
Commonwealth. [37-39]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 13, 1992.

The case was heard by *Charles F. Barrett,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Susan Lee Weissinger* for the plaintiff.

*Catherine C. Ziehl,* Assistant Attorney General, for the
defendant.

LYNCH, J. The plaintiff appealed from a Superior Court
judgment, which upheld a decision of the Contributory Re-
tirement Appeal Board (CRAB) that the plaintiff's rate of
contribution to the Massachusetts teachers' retirement sys-
tem should be at seven per cent of her regular compensation.
We transferred the case here on our own motion and now
affirm. At issue is the interpretation of G. L. c. 32, § 22 (1)
(*b*) (1992 ed.),[1] which sets forth the rate of contribution by

---

[1]General Laws c. 32, § 22 (1) (*b*) (1992 ed.), provides in part: "The
treasurer or other disbursing officer in charge of payroll in any governmen-
tal unit to which a system pertains, and the treasurer or other disbursing
officer in charge of payrolls in any free public library the employees of

employees to the contributory retirement system. The plaintiff asserts that the plain language of the statute establishes the rate according to the date an employee commences employment with the Commonwealth or one of its political subdivisions. The defendant asserts that the date an employee becomes a member of the retirement system determines the rate of contribution.

The relevant facts are not in dispute. The plaintiff began working in the Randolph public schools on April 23, 1971. From April, 1971, to June, 1976, she worked eighteen hours a week as a tutor at a rate of $7 an hour. During this time she was ineligible for membership in the teachers' retirement system because she was a tutor, not a teacher; and she was ineligible for membership in the Norfolk County retirement system because she worked less than twenty hours a week.

In September, 1976, the plaintiff became a full-time teacher in the Randolph school system and became a member of the teachers' retirement system, contributing at a rate of seven per cent of her salary. There has been no break in her employment with the town. On September 30, 1986, the plaintiff petitioned the teachers' retirement board to permit her to purchase creditable service for the period that she worked part time in the school system. The Norfolk County retirement board accepted liability for three years and five

which are eligible for membership in a system, shall, upon written notice from the board, withhold on each pay day five per cent of the regular compensation of each employee who is a member in service of the system, which is received on such day by such member on account of service rendered to him on or after January first, nineteen hundred and forty-six, and not later than the date of his attaining the maximum age for his group, in the case of an employee who entered the service of the commonwealth or a political subdivision thereof prior to January first, nineteen hundred and seventy-five; withhold on each pay day seven per cent of the regular compensation of each employee who is a member in service of the system, which is received on such day by such member on account of service rendered by him on or after January first, nineteen hundred and seventy-five, and not later than the date of his attaining the maximum age for his group in the case of an employee who entered the service of the commonwealth or a political subdivision thereof on or after January first, nineteen hundred and seventy-five but prior to January first, nineteen hundred and eighty-four . . . ."

and one-half months and required the plaintiff to contribute five per cent of her compensation earned during the period prior to January 1, 1975, in order to receive creditable service for that period and seven per cent for the period after that date.

The plaintiff pursued an administrative appeal from the decision that she was required to contribute seven per cent for membership after January 1, 1975. The plaintiff contended that, pursuant to G. L. c. 32, § 22 (1) (*b*), it was her date of hire as a part-time tutor that dictates the rate of contribution and, therefore, her rate of contribution should be five per cent for all past, present, and future contributions. An administrative magistrate conducted a hearing and found in favor of the plaintiff. CRAB subsequently adopted the magistrate's findings of fact but affirmed the Norfolk County retirement board, holding that the plaintiff's "rights, benefits and duties with respect to membership in a retirement system are those that were in effect at the time she became a member of the Teachers' Retirement System."

The sole issue before us is whether, pursuant to G. L. c. 32, § 22 (1) (*b*), the date of commencement of employment with the Commonwealth or a subdivision or the date of entry into the contributory retirement system determines the rate of employee contribution to the retirement system. The defendant urges that the statute is ambiguous and that the intent of the Legislature, when it raised the rate of contribution, was to encompass as many persons as constitutionally permissible at the higher rate. We agree.

General Laws c. 32, § 1, defines the pertinent terms used in § 22 (1) (*b*).[2] Thus, a "member in service of the system"

---

[2] A "[m]ember" is "any employee included in the state employees' retirement system." "Service" is defined as "service as an employee in any governmental unit for which regular compensation is paid." "System" includes: "the state employees' retirement system, the teachers' retirement system . . . or . . . any contributory retirement system established for the employees of any governmental unit under the provisions of any special law." G. L. c. 32, § 1 (1992 ed.).

is an employee who is a participant in the State employees' retirement system.

The first portion of G. L. c. 32, § 22 (1) (*b*), which provides, "[t]he treasurer or other disbursing officer . . . shall . . . withhold on each pay day five per cent of the regular compensation *of each employee who is a member in service of the system*," therefore establishes which employees' contributions should be at the rate of five per cent and the following two portions describe which employees are required to contribute seven and eight per cent respectively. To subject these sections to further internal analysis, as does the plaintiff, and to make the fine distinction between the words "an employee in service of the system" and "an employee . . . in the service of . . . a political subdivision" ignores the structure of the statute and is contrary to the intent of the Legislature.

In *Opinion of the Justices*, 364 Mass. 847 (1973), the Justices opined that increasing the rate of contribution for current members of the retirement system without increasing benefits would be presumptively invalid. *Id.* at 863. Increasing the rate for newcomers, however, would encounter no constitutional difficulties. *Id.* at 866. The Justices stated that the expectations of a member "have their origin in the terms of the plan as they apply to him when he enters upon employment and *becomes a member* . . ." (emphasis supplied). *Id.*

The language of the statute that we interpret today was the legislative response to that opinion. Since there was no problem with increasing the rate of compensation for employees whose date of employment was prior to the date of the increase, but who were not members of the retirement system, the Legislature would have had no reason to make that distinction.

Furthermore, it is clear from the tenor of the question propounded to the Justices that the House of Representatives wished to increase the contribution of all employees, if that was constitutionally permissible, in order to decrease the burden on the taxpayers of the Commonwealth. In that context

a reading of the statute that would produce a lower rate of contribution for an employee who may have worked one or two days in some part-time capacity prior to January 1, 1975, and then became a full-time employee many years later is illogical. The Legislature could not have intended such a result.

*Judgment affirmed.*