Angelo V. Colo *vs.* Contributory Retirement Appeal
Board & another.[1]

No. 93-P-762.

Worcester. May 13, 1994. - August 19, 1994.

Present: Dreben, Kass, & Fine, JJ.

*Retirement. Contributory Retirement Appeal Board. Fire Fighter,* Retire-
ment. *Public Employment,* Retirement. *Administrative Law,* Agency's
interpretation of statute. *Statute,* Construction. *Contract,* Retirement.

The provisions of G. L. c. 32, § 4 (2) (*b*), as amended by St. 1964, c. 738,
limit the amount of creditable service that a retirement board may
grant to a call fire fighter who did not become thereafter a permanent
member of a fire department. [186-188]
A call fire fighter, who commenced employment in 1957, from whose sal-
ary were deducted regular contributions to the retirement system for
thirty-two years of such employment, and whose reasonable expectation
at the time he was first employed would have been that his service as a
call fire fighter would continue to count as creditable service as long as
deductions were taken and until his employment terminated, was enti-
tled, under contract principles, to have all his years of employment so
counted: the Contributory Retirement Appeal Board erred in relying on
the provisions of G. L. c. 32, § 4 (2) (*b*), as amended by St. 1964, c.
738, to refuse to grant the retired fire fighter credit for his post-1964
service. [188-191]

Civil action commenced in the Superior Court Depart-
ment on April 9, 1992.

The case was considered by *James P. Donohue,* J.

*John S. Chinian* for the plaintiff.

*Rosemary S. Gale,* Assistant Attorney General, for the
defendants.

Fine, J. Angelo V. Colo was a call fire fighter in the town
of Athol for thirty-two years and two months. During that
entire period, the Athol Retirement Board (board) took de-

---

[1]Public Employee Retirement Administration.

ductions from his salary. In September of 1990, Colo, then sixty-four years of age, filed for superannuation retirement benefits. See G. L. c. 32, § 5 (1988 ed.). The board calculated Colo's pension based upon seven years and four months of creditable service.[2] In a letter to the board of January 29, 1991, a Public Employee Retirement Administration (PERA) commissioner disapproved the board's calculations. He stated that Colo should receive credit for service before 1964 in accordance with the board's usual practice regarding part-time and intermittent employees at the time. However, relying on G. L. c. 32, § 4(2)(b), as amended by St. 1964, c. 738, he stated that, because Colo had never been appointed to a permanent position in the fire department, he should be denied creditable service for the period after the effective date of the statute in 1964.[3] Colo appealed to the Contributory Retirement Appeal Board (CRAB). An administrative magistrate, relying on contract principles, ruled in Colo's favor, but CRAB, relying on the statute, affirmed PERA's refusal to grant Colo credit for his post-1964 service. A Superior Court judge affirmed CRAB's decision. We conclude that Colo is entitled to have all his years of employment as a call fire fighter counted as creditable service.

1. *The meaning of the statute.* The relevant language of G. L. c. 32, § 4(2)(b), as amended in 1964, limits the au-

---

[2]The board counted as creditable service a short period of employment in another Athol department in addition to his service as a call fire fighter. Colo appears satisfied with the board's calculations.

[3]Chapter 738 of the Acts of 1964 amended G. L. c. 32, § 4(2), by substituting the following:

"(b) The board shall fix and determine how much service in any calendar year is equivalent to a year of service. In all cases involving part-time, provisional, temporary, temporary provisional, seasonal or intermittent employment or service of any employee in any governmental unit . . . the board, under appropriate rules and regulations which shall be subject to the approval of the actuary, shall fix and determine the amount of creditable prior service, if any . . .; provided that . . . the board shall credit service as a reserve police officer or as a reserve or call fire fighter as full-time service, said credited service not to exceed a maximum of five years; and, provided further, that such service as a call fire fighter shall be credited only if such call fighter was later appointed as a permanent member of the fire department."

thority of a retirement board in determining how much creditable service to grant call fire fighters, among others. The statute provides that a board "shall credit service . . . as a call fire fighter as full-time service, said credited service not to exceed a maximum of five years; provided further that such service as a call fire fighter shall be credited only if such call fire fighter was later appointed as a permanent member of the fire department." Colo contends that the decision adverse to him was based on a misreading of that language and that, properly construed, the statute means that, although a call fire fighter who does not become a permanent member of the force is not entitled to credit for full-time service, he may nevertheless be entitled to part-time credit for such service. Thus, Colo contends, the words "such service" in the clause, "that such service as a call fire fighter shall be credited only if such call fire fighter was later appointed as a permanent member of the fire department" refers to the words "full-time service" and not to the words "service as a . . . call fire fighter." The 1964 amendment would have had the effect, according to the argument, of benefiting call fire fighters if they became permanent members of the force and not disadvantaging them if they did not.

Colo's reading of the statute is a possible one. We agree with the Commonwealth, however, that it is not the more reasonable one. If Colo's interpretation were correct, one would have expected the addition of the words "full time" before the word "service" or the word "so" before the word "credited." What legislative history we have found[4] is incon-

---

[4]Statute 1945, c. 658, § 1, contains the first legislative effort to deal comprehensively with the retirement rights of part-time employees under the contributory retirement system. The provision, in effect when Colo became a call fire fighter, granted a local board broad authority, under appropriate rules and regulations, to fix and determine the amount of credit to grant a part-time employee who entered the system. By the original version of St. 1964, c. 738, a proviso relating specifically to call fire fighters was added to G. L. c. 32, § 4(2)(b), mandating that the board credit service as a reserve or call fire fighter as full-time service. The bill was amended on the House floor to provide, further, that "such service as a call fire fighter shall be credited only if such call fire fighter was later appointed as a permanent member of the fire department." The statute was

clusive, but the fact that there have been several unsuccessful attempts to amend the statute to conform to Colo's interpretation[5] indicates, at least, that the Commonwealth's interpretation is the one commonly understood. Also, in construing a statute, we give deference to its interpretation by an agency, such as PERA in this case, with responsibility for implementing it, see *Boston Neighborhood Taxi Assn.* v. *Department of Pub. Util.*, 410 Mass. 686, 692 (1991); *Boylston Dev. Group, Inc.* v. *22 Boylston St. Corp.*, 412 Mass. 531, 539 (1992), and PERA rejects Colo's interpretation. We assume, for purposes of this case at least, that the 1964 amendment was intended to result in the denial of creditable service to a call fire fighter who did not thereafter become a permanent member of a fire department. The issue remains, however, whether the amendment applies to one in Colo's position.

2. *The core of Colo's reasonable expectations.* Since *Opinion of the Justices*, 364 Mass. 847 (1973), retirement plans for public employees have been treated in Massachusetts, as in the majority of States, as irrevocable contractual commitments rather than mere gratuities, and where a retirement plan has generated "material expectations on the part of employees," they should be respected and not be subject to sig-

---

brought substantially to its present form by the enactment of St. 1966, c. 509, which merged two proposed amendments relating to credit for fire fighters. House No. 1052 provided that certain time served on the police or fire reserve list was to count as creditable full-time service, without consideration of the actual time served. Senate No. 704 made permanent intermittent fire fighters eligible for full-time service but subject to the same restrictions as call fire fighters. The two bills were combined into a third version, 1966 House No. 3853, which was approved and enacted.

[5]A bill offered in the Senate, 1988 Senate No. 1131, would have amended G. L. c. 32, § 4(2)(*b*), to provide that call fire fighters be granted creditable service from the date they were eligible for service and appointed to their respective list. Similar bills were proposed, but not enacted, in subsequent sessions. See 1991 House No. 213; 1992 Senate No. 1099 (guaranteeing benefits to any individual who served as a call fire fighter and is presently retired); 1993 Senate No. 1144; and 1994 Senate No. 1197.

nificant legislative modification.[6] *Id.* at 861. See G. L. c. 32 § 25(5)[7]; *Dullea* v. *Massachusetts Bay Transp. Authy.*, 12 Mass. App. Ct. 82, 90-95 (1981) ("The thrust of [the *Opinion of the Justices*] . . . is that reasonably based reliance by public employees on an express promise that their pensions are irrevocable gives those employees a vested right sufficient to bar a reduction of those benefits below the level existing when the employees first began work, or the level existing at the point when the promise had created expectations firm enough to command judicial respect" [footnote omitted]). McQuillin, Municipal Corp. § 12.144.05 (rev. ed. 1990).[8] A member of a retirement system is, thus, protected from the time he first becomes a member "in the core of his reasonable expectations." *Opinion of the Justices*, 364 Mass. at 862. See also *Boston Assn. of Sch. Administrators & Supervisors* v. *Boston Retirement Bd.*, 383 Mass. 336, 343-344 & n.10 (1981); *Allison* v. *Whittier Regional Vocational High Sch. Dist.*, 15 Mass. App. Ct. 944, 946 (1983).

The question, then, is what promises were made, or what were the reasonable expectations of one in Colo's position be-

---

[6] Although the need for some flexibility in meeting changed conditions has been recognized, we are not concerned with the permissible scope of subsequent modifications because disallowance here would have deprived Colo of credit for twenty-six years of service, and no threat to the retirement system or other justification for applying the amendment to him.

[7] General Laws c. 32, § 25(5) states:

"The provisions of sections one to twenty-eight, inclusive, and of corresponding provisions of earlier laws shall be deemed to establish and to have established membership in the retirement system as a contractual relationship under which members who are or may be retired for superannuation are entitled to contractual rights and benefits, and no amendments or alterations shall be made that will deprive any such member or any group of such members of their pension rights or benefits provided for thereunder, if such member or members have paid the stipulated contributions specified in said sections or corresponding provisions of earlier laws."

[8] In *Opinion of the Justices*, 364 Mass. at 862-863, the court stated that it was following California's lead in defining retirement plans as contractual relationships and cited *Kern* v. *Long Beach*, 29 Cal. 2d 848, 853-856 (1947); *Allen* v. *Long Beach*, 45 Cal. 2d 128, 133 (1955); and *Wisley* v. *San Diego*, 188 Cal. App. 2d 482, 485-486 (1961). See also *Betts* v. *Board of Admn. of the Pub. Employees' Retirement Sys.*, 21 Cal. 3d 859, 863 (1978); *International Assn. of Fire Fighters, Local 145* v. *San Diego*, 34 Cal. 3d 292, 300-303 (1983).

tween the time he became a member of the retirement sys-
tem and the 1964 amendment of G. L. c. 32, § 4(2)(*b*)?
Colo became a member in 1957 when Athol commenced tak-
ing regular deductions from his salary. G. L. c. 32, § 3(2)(*i*).
General Laws c. 32, § 4(1)(*a*), has provided, at all relevant
times, that "any member in service shall . . . be credited with
all service rendered by him as an employee. . . ." Thus, in the
absence of some statutory provision in existence at the rele-
vant time, or some established policy authorizing a reduction
in his creditable service, Colo might have expected to have
his service counted in full as creditable service. However, he
makes no claim of right to full-time credit.

When Colo became a member of the system in 1957, G. L.
c. 32(4)(2)(*b*), giving local retirement boards authority to
determine how much service in a calendar year is equivalent
to a year of service, provided that a board could make such
determinations with respect to part-time or intermittent ser-
vice "under appropriate rules and regulations . . . subject to
the approval of the actuary. . . ." A 1957 "proposed" rule of
the board specifically excepted call fire fighters and elected
officers from its terms. It is unclear whether the "proposed"
rule was approved by the actuary. Even if the "proposed"
rule constituted a "rule or regulation" within the meaning of
the statute, there was at the time no existing rule that cov-
ered call fire fighters. In that situation, the board may have
had no authority to reduce the number of years of Colo's
actual service. See *Gallagher* v. *Contributory Retirement
Appeal Bd.*, 4 Mass. App. Ct. 1, 11 (1976); *O'Brien* v. *Con-
tributory Retirement Appeal Bd.*, 27 Mass. App. Ct. 1124,
1126 (1989). In the absence of argument to that effect, how-
ever, we assume that a board policy providing for less than
full-time credit for part-time service would have been
authorized.

Colo established that at least seven Athol call fire fighters
who retired before he did were granted creditable service, al-
though not full-time service, for periods preceding the 1964
amendment. That, in addition to the consistent practice of
taking deductions from call fire fighters' salaries, indicates, in

the absence of anything to the contrary, the existence of a board policy that the service of call fire fighters be counted as creditable service for retirement purposes. Thus, in the January 29, 1991, letter from a PERA commissioner to the board disapproving the board's calculations, in the CRAB decision, and in the brief filed on appeal by CRAB and PERA, it is conceded that Colo should not be denied all creditable service for the period before the 1964 amendment. Notwithstanding what we consider to be some ambiguity in the 1964 amendment to G. L. c. 32, § (4)(2)(*b*), had Colo become a call fire fighter after that amendment had taken effect, he would not have had a reasonable expectation that he would receive credit toward retirement as long as he worked as a call fire fighter. However, Colo joined the system several years before the amendment. At least on the facts of this case, we think an adequate showing has been made that Colo would have had a reasonable expectation around the time of his employment that his service as a call fire fighter would continue to count as creditable service as long as deductions were being taken from his salary and until his employment terminated.

Accordingly, the judgment of the Superior Court affirming the CRAB decision is reversed. The matter is remanded to CRAB for further proceedings for the purpose of determining Colo's retirement benefits on the basis of the board's calculations to the extent they are consistent with policies of the board at the time Colo became a member of the retirement system.

*So ordered.*