EMILY M. O'BRIEN *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another.[1] No. 88-P-535. May 8, 1989. *Retirement.*

This is an appeal from a Superior Court judgment affirming a decision by the Contributory Retirement Appeal Board (CRAB) that, in turn, affirmed a decision by the Teachers' Retirement Board (board) setting the annual

---

[1] Teachers' Retirement Board.

retirement allowance for the plaintiff Emily M. O'Brien. That allowance is calculated, in part, upon the number of years of creditable service of the prospective retiree. The plaintiff claims that she was entitled to seventeen years of creditable service as opposed to the eight and one-half years used by the board as its basis for determining the amount of the retirement allowance.

There is no dispute as to the material facts. The plaintiff taught Latin for seventeen years in the Marblehead school system, from September, 1961, to June 30, 1978. She taught part time, teaching three classes a day except for a two-year period in which she taught four classes. In order to be considered a full time teacher, a person was required to teach five classes per day. During her employment, the plaintiff was paid one-half the salary of a full time teacher.

In addition to her teaching duties, the plaintiff was required to attend staff meetings, department meetings, faculty conferences and meetings, and parent-student consultation meetings. She also performed lunchroom duty and hallway monitoring and substituted for homeroom teachers when needed. The plaintiff, over the seventeen years she taught, while not generally in attendance the entire school day, did engage in work-related activities for more than half the school day.

After the start of her employment with Marblehead, the plaintiff was granted membership in the teachers' retirement system. Beginning in March, 1962, the regular five percent deduction was taken from her salary and paid into the system. On December 22, 1978, she contributed an additional $158.33 in order to receive retirement credit for the period of September, 1961, to March, 1962, in accordance with the regulations of the board.

On March 15, 1979, the plaintiff, then 63 years of age, filed for superannuation retirement benefits. See G. L. c. 32, § 5 (1986 ed.). The formula for determining the retirement allowance in the case of the plaintiff was as follows: the average annual salary received during the last three years of creditable service (or average annual salary during any three consecutive years for which salary was the highest, whichever is greater) is multiplied by a percentage based on the retiree's age at retirement, multiplied by the number of years of creditable service. See G. L. c. 32, § 5(2).

The board sought certification of the plaintiff's total number of years of creditable service and annual salaries from the superintendent of the Marblehead school system. The superintendent certified that the plaintiff's part time service of seventeen years was equal to 50% of full time service. The board then applied the formula in order to arrive at a yearly retirement allowance for the plaintiff. Her average annual salary for her last three years was $7,597.67. The statutory percentage for her age at retirement was 2.3 percent. The board then listed the plaintiff's number of years of creditable service as 50% of seventeen years or eight and one-half years. After applying the formula the board arrived at an annual retirement allowance for the plaintiff of $1,485.36.

The plaintiff objected to the number of years of creditable service used by the board in calculating her retirement allowance, and she appealed to CRAB. See G. L. c. 32, § 16(4). CRAB affirmed the board's determination of eight and one-half years of creditable service, as opposed to the seventeen years claimed by the plaintiff. The plaintiff then filed a petition in the Superior Court for judicial review of CRAB's decision. A Superior Court judge affirmed CRAB's decision, and this appeal ensued.

In *Gallagher* v. *Contributory Retirement Appeal Bd.*, 4 Mass. App. Ct. 1, 11 (1976), we held that a local retirement board is not authorized to reduce the amount of years of actual service of a part time employee unless that board has adopted "rules and regulations governing the pro-ration of calendar years of service into years of creditable service." See 4 Mass. App. Ct. at 6 n.12. CRAB contends that the board approved a regulation (807 Code Mass. Regs. § 3.02 [1986][2]) which, in fact, authorized the board to reduce the actual service of the plaintiff as a part time employee to eight and one-half years for purposes of determining her annual retirement allowance.

Title 807 Code Mass. Regs. § 3.02 is entitled *"The Amount of Service in Any Calendar Year That Shall Be the Equivalent to One Year of Creditable Service."* It states in pertinent part: "All persons defined as teachers who earn their salary during the school year from September to June, shall, irrespective of the manner in which their salary is paid, be allowed a year's credit for each full school year of service and one-tenth of a year for each full month of service rendered during a school year."

CRAB argues that the phrase "school year from September to June" is intended to denote a chronological unit of time as in "from year to year," whereas the phrase "each *full* year" and "each *full* month" (emphasis added) are words of modification or description which "quantify" each of those chronological units of time in terms of full or part time service. It also notes that 807 Code Mass. Regs. § 3.02 has been consistently interpreted by the board to mean that a full time teacher who works for one school year, September to June, earns one year of creditable service; whereas a part time teacher who works for one school year is entitled to only a pro-rated share or part of one year of creditable service, in direct proportion to the basis of his or her employment.

"Ordinarily an agency's interpretation of its own rule is entitled to great weight. . . . However, this principle is one of deference, not abdication, and courts will not hesitate to overrule agency interpretations of rules when those interpretations are arbitrary, unreasonable or inconsistent with the plain terms of the rule itself." *Finkelstein* v. *Board of Registration in Optometry*, 370 Mass. 476, 478 (1976) (citations omitted).

---

[2] The record indicates that the board approved the regulation in 1957. It appears that the language of the regulation has remained unchanged since that time.

The language of the rule does not support the interpretation of the board or CRAB. The rule makes no mention of "full time" or "part time" service and it does not draw any distinction between full time teachers and part time teachers. We reject CRAB's contention that the word "full" as used in the phrase "each *full* school year" and "each *full* month" (emphasis added) somehow relates to full or part time service. The word "full" as used in the context of the rule clearly means entire, complete. Therefore, if a teacher works an *entire* school year (September to June), he or she is entitled under the regulation to a year's credit. If, for some reason, a teacher does not work an entire school year but does teach an *entire* month, one-tenth of a year for each entire month is credited to the teacher. It is undisputed that the plaintiff worked the entire school year for seventeen years.[3]

We conclude that the board was not authorized to deviate in this case from the general requirement of G. L. c. 32, § 4(1)(a), that "[a]ny member in service shall . . . be credited with all service rendered by him as an employee . . . after becoming a member of the system." Therefore, the board erred in reducing the plaintiff's years of creditable service from seventeen to eight and one-half years and, thus, reducing her annual retirement allowance.

The judgment of the Superior Court is reversed, and the decision of CRAB and the board are set aside. The case is remanded to the Superior Court for the entry of a judgment which will (a) determine the total amount (including interest) now due the plaintiff and (b) declare the precise yearly amount which shall be paid her in the future.

*So ordered.*

*Paul L. Kenny* for the plaintiff.

*Alice G. Winn,* Special Assistant Attorney General, for Contributory Retirement Appeal Board.

---

[3] There is another reason that the interpretation of CRAB and the board is incorrect. The plaintiff paid into the teachers' retirement system the same percentage (5%) as a full time teacher. Because her salary, however, was one-half that of a full time teacher, she paid into the system one-half of what a full time teacher would have paid. If the plaintiff was credited with seventeen years of service, she would receive a retirement allowance of one-half that of a full time teacher. Under the interpretation of CRAB and the board, however, her seventeen years of service are halved, and she receives only *one-quarter* the retirement allowance of a full time teacher. Such result is indeed arbitrary and unreasonable.